In re Edward CONNELLY, Debtor.

No. 93–04588.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Nov. 15, 1993.

Williams, Kastner & Gibbs by Scott B. Henrie, Seattle, WA, for Rent–A–Center.

William M. Pease, Seattle, WA, for debtor.

ORDER SUSTAINING RENT–A–CENTER'S OBJECTION TO CONFIRMATION OF PLAN AND REQUIRING ACCEPTANCE OR REJECTION OF LEASE–PURCHASE AGREEMENTS

THOMAS T. GLOVER, Bankruptcy Judge.

THIS MATTER came before the undersigned United States Bankruptcy Court

Judge upon the objection of Rent–A–Center, a division of THORN Americas, Inc. ("RAC"), to the confirmation of debtor's proposed Chapter 13 Plan. The debtor and RAC entered into five lease-purchase agreements between July 1992 and December 1992. Under these agreements, the debtor acquired possession of a sofa and chair, a stereo system and three rings.

The debtor listed these lease-purchase agreements as "disguised" sales in his bankruptcy schedules and proposed treating RAC as a secured creditor in his Chapter 13 Plan. RAC objected to confirmation and moved to require the debtor to assume or reject his lease-purchase agreements.

After reviewing the agreements and following an evidentiary hearing, the Court finds that the debtor's lease-purchase agreements are "lease-purchase agreements" within the meaning of the Lease–Purchase Agreements Act. RCW 63.19.010(5). As such they may not be characterized as a "retail installment sale" or a disguised "security interest." RCW 63.19.020(1).

The debtor's argument that the cost of acquiring ownership under the lease-purchase agreements is unfair and excessive does not change this result. Based on the record before this Court, it appears that a lease-purchase transaction may be an expensive way of acquiring ownership of personal property. In balancing conflicting considerations of public policy, however, the legislature has chosen to allow the continued offering of lease-purchase agreements while, at the same time, requiring extensive disclosures regarding the nature and cost of the transaction (RCW 63.19.040, 63.19.090) and also mandating various other protections for consumers who choose to enter into lease-purchase agreements (RCW 63.19.050–63.19.-070).

It is therefore

ORDERED that the objection of Rent–A–Center is hereby sustained, and it is further

ORDERED that the debtor shall elect to assume or reject each of the four Lease Purchase Agreements on or before Monday, November 15, 1993, and it is further

ORDERED that in the event of rejection, Rent–A–Center's claim will be allowed in the amount of $3085.47 provided that the debtor immediately return possession of the lease items to Rent–A–Center.